IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DANNY DALE WEISINGER | § | |
| v. | § | CIVIL ACTION NO. 9:08cv174 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Danny Weisinger, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Weisinger was convicted of assault with a deadly weapon in the 349th Judicial District Court of Houston County, Texas, on June 18, 2003, receiving a sentence of 20 years in prison. He took a direct appeal, and the conviction was affirmed by the Twelfth Judicial District Court of Appeals in Tyler. Weisinger v. State, — S.W.3d —, slip op. no. 12-03-00274-CR (Tex.App.-Tyler, Jan. 12, 2005, pet. ref'd) (unpublished) (available on WESTLAW at 2004 WL 3103643). The Court of Criminal Appeals refused discretionary review on August 31, 2005.

Weisinger says that he then filed a state habeas corpus petition on December 12, 2007. The on-line records of the Texas Court of Criminal Appeals show that on March 7, 2005, and October 1, 2007, Weisinger filed applications for the writ of mandamus, and in each case the Court of Criminal Appeals denied leave to file the applications without written order. On May 9, 2006, and January 5, 2007, Weisinger filed applications for the writ of habeas corpus, but these were dismissed for non-compliance with proper procedures, and the Court of Criminal Appeals ordered that the

1

applications be returned to Weisinger.  *See* http://www.cca.courts.state.tx.us/opinions/casesearch. asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Weisinger&Style_2=&COACaseNumberNo=#Found.  In the petition which was filed on December 12, 2007, the Court of Criminal Appeals remanded the application to the trial court on February 6, 2008, for findings of fact.  Ex Parte Weisinger, slip op. no. WR-61850-05 (Tex.Crim.App., February 6, 2008) (unpublished) (available on WESTLAW at 2008 WL 366750).  After these findings were made, the Court of Criminal Appeals denied Weisinger's habeas corpus application on June 4, 2008, based on the findings of the trial court without a hearing.

Weisinger signed his federal petition on August 15, 2008.  As the Magistrate Judge observed, Weisinger raised a number of claims in this petition, including allegations that the Court of Criminal Appeals failed to review all of his claims in denying him habeas corpus relief, the affidavit submitted by his attorney, Mark Cargill, was false, inflammatory photographs were offered in evidence without objection by Cargill, the evidence was insufficient to sustain a conviction, testimony that the blood on the victim's face did not come from Weisinger was false, Cargill failed to conduct a proper investigation, the State failed to establish that the alleged weapon, a hammer, was connected to the injuries, Cargill conspired with the prosecutor to allow an indictment which alleged that the weapon was "an unknown object," a variance existed between the indictment's charge of an unknown object and the introduction of the hammer as the weapon during the trial, Weisinger received ineffective assistance of counsel on appeal, Weisinger was not guilty because he was acting in self-defense, counsel failed to file a motion to suppress, the search warrant used to enter the vehicle and seize the hammer was not legally executed, counsel failed to file a motion to determine probable cause for Weisinger's detention on the night of his arrest, Officer Calloway lacked probable cause to approach Weisinger's car on the night of the alleged assault, and Cargill failed to bring out evidence favorable to him.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be denied because of the expiration of the statute of limitations.  The Magistrate Judge noted

that Weisinger's petition for discretionary review was denied on August 31, 2005 and he did not file a petition for writ of certiorari, and so his conviction became final at the expiration of the 90-day time period in which to do so, which was Tuesday, November 29, 2005. Weisinger's limitations period therefore began to run on November 30, 2005, and expired on November 30, 2006, absent any tolling provisions. However, he did not sign his federal petition until August 15, 2008, over 21 months later.

Weisinger did file three habeas corpus petitions, of which the first was dismissed on procedural grounds after eight days, and the second and third were filed after the statute of limitations had expired. Thus, the Magistrate Judge concluded that none of Weisinger's state habeas corpus petitions tolled the statute of limitations so as to render his federal petition timely under 28 U.S.C. §2244(d)(2).

Finally, the Magistrate Judge reviewed the pleadings and determined that Weisinger had not shown any basis upon which to equitably toll the statute of limitations. *See* Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998) (requiring "extraordinary circumstances" for equitable tolling); Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998) (same). The Magistrate Judge also recommended that Weisinger be denied a certificate of appealability *sua sponte*.

Weisinger filed objections to the Magistrate Judge's Report on October 15, 2008. He also filed other documents since the entry of the Report, including an "affidavit in support of commencement documents," a "motion for reconsideration" of the Texas Court of Criminal Appeals' denial of his state habeas petition, and a motion for leave to exceed the page limitations on his memorandum of law, which is attached to the motion. In the interests of justice, the Court has reviewed each of these documents as objections to the Magistrate Judge's Report.

Weisinger's objections of October 15 are devoted to arguing the merits of his claims for habeas corpus relief. He contends that he has been denied numerous constitutional protections and guarantees, and says that to reject his petition is to "aid the arm of the plotters of involuntary

servitude, whether for greed or self-exaltation, scoffing at justice and at the same time applauding the miscarriage."

Weisinger explains that his two mandamus petitions were "addressing the fact that the record for appeal issues was absent transcription of a complete court hearing of trial counsel Mark Cargill's dismissal from the appeal on conflict of interest, Rules of Court 1.03, refusing to communicate for over eight months after trial, filing a semi-frivolous (single error) appeal brief without even telling petitioner, or discussing appeal issues." He says that the denial of these applications amounted to withholding evidence favorable to his appeal, and so the missing portion of the record is "new evidence." Weisinger also discusses other evidence, including assertions regarding audio recordings, which he says that Cargill falsely stated did not exist, and a complaint that his appellate attorney did not investigate this contention. Weisinger also says that the opinion of the Twelfth Judicial District Court of Appeals "contained perjury" and that he was "clearly denied a fair and impartial trial." His objections make no mention of the statute of limitations, the ground upon which the Magistrate Judge recommended that the petition be dismissed.

On October 7, 2008, Weisinger also filed a document which he styled as an "affidavit in support of commencement documents - habeas / 2254." This document is devoted to arguing the merits of his case and says that if this court refuses to receive his habeas petition without even reviewing it, then the Court is "as guilty as the Court of Criminal Appeals and the pathetic direct appeal court." This document, although filed some three weeks after Weisinger received a copy of the Report, also makes no mention of the statute of limitations.

In his motion for reconsideration of the Court of Criminal Appeals' decision, filed October 21, 2008, Weisinger discusses the proceedings in state court, indicating that the Court of Criminal Appeals failed to file or review some of his documents, and saying that the Court of Criminal Appeals rejected his state habeas petition despite knowing full well that Weisinger had adequately shown that he is entitled to relief. This document also makes no mention of the statute of limitations.

4

In his motion for leave to exceed page limitations and attached memorandum of law, filed on November 3, 2008, Weisinger says that the justice system has been "tainted and abused" and that his trial was "virtually abominized [sic] with corrupted lawyering, prosecutorial misconduct, oversights in the Canon Laws, conspiracy, Brady violations, due process violations, as well as constitutional rights violations." He says that he was a "victim of the Cindy Maria Garner administration" in Houston County and that the trial was "a product of conspiratorial manipulation that virtually poisoned the entire process with artificial machinations, duplicitous chicanery, and blatant lies."

After again discussing the merits of his claims, Weisinger turns to the issue of the statute of limitations, upon which the Report of the Magistrate Judge was based. His discussion of the statute of limitations reads, in its entirety, as follows:

> The AEDPA anti-terrorism and effective death penalty act (Kiser v. Johnson, 163 F.3d 326, 28 (5th Cir. 1999) is a perverted criminal act, enacted by William Jeff. Clinton, fiendishly implemented to put fear and discouragement in the heart and mind of the weak-minded. A corrupted court cast the innocent down the well of injustice and the AEDPA is the stone placed over the opening.
>
> However, the petitioner has not "slept on his rights." Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999). Rather by the record petitioner has evidenced a conspiratorial attempt to deprive petitioner not only of a fair and impartial trial, due process and due course of law, Brady violations etc., but evidence that his constitutional right to effective assistance of counsel is absent!
>
> Petitioner was forced to defend himself on appeal, and the "bar" must be raised when a multiple showing of constitutional and federal rights have been denied the petitioner!!
>
> It's obvious that the Court of Criminal Appeals, as well as the Twelfth Court of Appeals, has abused the right to review and properly adjudicate petitioner's appeal issues. And ...
>
> It's the United States District Court's reasonable responsibility ... power ... and right to stand in the breach, God willing.

Despite the brief and conclusory reference to how he has not "slept on his rights," Weisinger makes no showing that the Report of the Magistrate Judge was in error or that his claim should not be barred by the statute of limitations. Weisinger's objections to the Report of the Magistrate Judge are without merit.

5

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Danny Weisinger is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action, specifically including the Petitioner's motions for reconsideration regarding the C.C.A's denial of habeas corpus (docket no. 12) and motion for leave to exceed page limitations on memorandum of law (docket no. 16) are hereby DENIED.

**SIGNED** this the **21** day of **November, 2008.**

_____
Thad Heartfield
United States District Judge